UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOLANDA CLAUDIO, :
:
    Plaintiff, :
:
v. : CASE No. 8:06-CV-2103-T-23TGW
:
HOME DEPOT, :
:
    Defendant. :
_____ :

<u>REPORT AND RECOMMENDATION</u>

    The affiant has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for her complaint against Home Depot (Doc. 2).

    Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

    Here, the affiant's complaint is patently insufficient (Doc. 1). The complaint states that the plaintiff is suing Home Depot for "discrimination, race, sex,

retaliation and national origin," but does not set forth a basis for any of those claims (Doc. 1). The only allegations she makes are that "Home Depot didn't follow the procedures for termination," and that in the plaintiff's opinion the termination "was personnal [sic] with management" (id.). Neither allegation supports a claim of unlawful discrimination or retaliation. Consequently, the plaintiff has clearly failed to satisfy the requirements of Rule 8, F.R.Civ.P.

I therefore recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the complaint be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 16, 2006

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).